Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the
case.





**FILED**

Apr 10 2012, 8:18 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TROY PHILLIPS, JR.**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TROY PHILLIPS, JR., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 49A02-1110-PC-989 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
The Honorable John Jay Boyce, Master Commissioner
Cause No. 49F15-9205-PC-68600

**April 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Troy Phillips, pro se, appeals from the post-conviction court's order denying his petition for post-conviction relief.

We affirm.

## ISSUE

Whether the post-conviction court erred by denying Phillips's petition for post-conviction relief.

## FACTS

On August 24, 1992, Phillips, pursuant to a written plea agreement, pled guilty to class D felony theft.[1] The entry in the chronological case summary ("CCS") for that day indicates the following:

> Written plea agree[ment] filed[.]
> Written waiver of rights filed[.]
> Ct. orally examines Def: finds Def. understands charges, rights waived and impact of plea. Factual basis found, court confirms Def's willingness to plead guilty, accepts plea and enters judgment of conviction for count[] 1.

(App. 6). That same day, the trial court sentenced Phillips to eighteen months with six months suspended to probation. The trial court ordered that Phillips's sentence and probation be served consecutively to a sentence that he was serving on a burglary conviction.

Twelve years later, in May 2004, Phillips filed a pro se petition for post-conviction relief. A Deputy State Public Defender later entered an appearance on behalf of Phillips. In June 2006, in response to a motion for transcripts, the trial court reporter filed a Notice

---

[1] Phillips has not included a copy of the plea agreement in his Appellant's Appendix.

of Inability to Prepare Transcript, indicating that she had "made a diligent search for this record" but "was not successful in locating the proceedings in this cause." (Phillips's Exhibit 1). In October 2006, Phillips filed a motion to withdraw his post-conviction petition without prejudice, which the trial court granted.

In May 2008, Phillips filed a motion for permission to file a belated notice of appeal. The trial court denied the motion, and Phillips did not appeal the trial court's ruling.

In October 2009, seventeen years after his guilty plea and sentence, Phillips filed another pro se petition for post-conviction relief, alleging that there was no transcript to show that the trial court had informed him of his *Boykin* rights during his 1992 guilty plea hearing.[2] The State filed an answer and asserted that consideration of Phillips's claim was barred by the affirmative defense of laches.[3]

Two days before the August 25, 2010 post-conviction hearing, Phillips filed a request to issue subpoenas. During the hearing, the post-conviction court informed Phillips that two days was not sufficient time to rule on his request, and Phillips indicated that he was nevertheless ready to proceed with the post-conviction hearing. Phillips introduced a copy of the trial court reporter's Notice of Inability to Prepare Transcript to show that the recording of his guilty plea hearing was missing and not able to be reconstructed. During the hearing, Phillips testified that "the Court or I will never know

---

[2] Phillips did not include a copy of his post-conviction petition in his Appendix. The post-conviction court clarified Phillips's post-conviction claim during the post-conviction hearing because Phillips's petition did not contain any specific claim.

[3] Phillips also did not include a copy of the State's answer in his Appendix.

if I was advised of those [*Boykin*] rights" because the guilty plea "transcripts was [sic] either lost or destroyed."  (Tr. 14).[4]  Phillips did not call any witnesses.  The State presented evidence to support its defense of laches, and the post-conviction court took the matter under advisement.

On May 9, 2011, the post-conviction issued an order denying Phillips's petition for post-conviction relief.[5]  Relying on our Indiana Supreme Court's holding in *Hall v. State*, 849 N.E.2d 466 (Ind. 2006), that "[a] petitioner cannot obtain post-conviction relief on the ground of the lack of *Boykin* advisements simply by proving that the guilty plea record is lost and cannot be reconstructed[,]" (app. 32), the post-conviction court determined that Phillips had failed to meet his burden of proving that he was not advised of his *Boykin* rights during his guilty plea hearing.  Despite addressing the merits of Phillips's claim, the post-conviction court also determined that his post-conviction petition should be denied because the State had proven its affirmative defense of laches.

DECISION

Phillips appeals from the post-conviction court's order denying post-conviction relief, and our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules.  Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence.  Ind. Post–Conviction Rule 1(5).  A petitioner who appeals the denial of PCR faces a rigorous standard of

---

[4] Phillips testified that he was trying to get his theft conviction vacated because it was used as an underlying felony in a subsequent habitual offender enhancement.

[5] The record does not reveal why the post-conviction court waited more than nine months to issue its post-conviction order.

review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (case citations omitted), *trans. denied.*

Phillips contends that the post-conviction court erred by determining that he failed to meet his burden of proving that he was not advised of his *Boykin* rights during his guilty plea hearing.[6]

The record of a guilty plea hearing "must show, or there must be an allegation and evidence which show, that the defendant was informed of, and waived, three specific federal constitutional rights: the privilege against compulsory self-incrimination, right to trial by jury, and the right to confront one's accusers." *Hall*, 849 N.E.2d at 469 (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)). The U.S. Supreme Court explained that courts cannot presume a waiver of these three federal rights from a silent record. *Boykin*, 395 U.S. at 243.

Our Indiana Supreme Court, however, has clarified, that a lost or missing record is not the same as a silent record. *Hall*, 849 N.E.2d at 469. "The fact that the record of a guilty plea hearing can neither be found nor reconstructed does not of itself require

---

[6] Phillips also contends that the post-conviction court erred by determining that the State had proven its defense of laches. Phillips makes no cogent argument in support of his contention; thus, he has waived review of this argument. *See Smith v. State*, 822 N.E.2d 193, 202–03 (Ind. Ct. App. 2005), *trans. denied; see also* Ind. Appellate Rule 46(A)(8). Furthermore, because the post-conviction court addressed the merits of Phillips's post-conviction claim despite its determination that laches had been proven, we will do the same.

granting post-conviction relief." *Id.* at 470. Instead, a petitioner, as with any other post-conviction claim, has the burden of proving by a preponderance of the evidence that his conviction was obtained in violation of state or federal constitutional safeguards. *Id.* In other words, a petitioner who challenges his guilty plea as unknowing or involuntary on the ground that he was not advised of his *Boykin* rights, must prove by a preponderance of the evidence that he was not informed of his rights to silence, to trial by jury, and to confront witnesses in order to establish his entitlement to post-conviction relief. *Id.* There is a "presumption of regularity" that attaches to final judgments, even when a post-conviction petitioner raises a *Boykin* claim on post-conviction review. *State v. Damron*, 915 N.E.2d 189, 192 (quoting *Parke v. Raley*, 506 U.S. 20, 31 (1992)), *trans. denied*. Indeed, "[o]n collateral review . . . it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that [a post-conviction petitioner who pled guilty] was not advised of his [*Boykin*] rights." *Hall*, 849 N.E.2d at 472 (quoting *Parke*, 506 U.S. at 30).

Phillips contends that the post-conviction court should have granted him post-conviction relief because the trial court did not comply with Indiana Criminal Procedure Rule 10, which requires a trial court to maintain an electronic recording of the guilty plea proceedings for fifty-five years in felony cases. The State argues that Phillips "has not overcome the presumption of regularity to prove by a preponderance of the evidence that he was not informed of his *Boykin* rights." Appellee's Br. at 12. We agree with the State.

6

First, we have previously held that a trial court's contravention of Criminal Rule 10 does not equate to governmental misconduct that would overcome the presumption of regularity or render the record silent for the purposes of proving a *Boykin* claim in a post-conviction proceeding. *See Damron*, 915 N.E.2d at 192-93 (holding that a trial court's policy of destroying a guilty plea hearing tape after ten years did not relieve the petitioner of the burden of proving by a preponderance of the evidence that he was not advised of his *Boykin* rights). Furthermore, the record from Phillips's post-conviction hearing reveals that the trial court reporter could not locate the guilty plea hearing fourteen years later, and there was no evidence that this missing record was the result of misconduct by the State. Indeed, Phillips had the burden of proving by a preponderance of the evidence that he was not informed of his *Boykin* rights. Phillips, however, did not call any witnesses but testified that because there was no transcript to show that he was advised of his *Boykin* rights, "the Court or I will never know if I was advised of those rights." (Tr. 14). Other than Phillips's own self-serving testimony, he did not present any evidence to show that he was not advised of his *Boykin* rights before pleading guilty. Accordingly, we affirm the post-conviction court's denial of post-conviction relief to Phillips. *See e.g.*, *Hall*, 849 N.E.2d at 473 (holding that a "petitioner cannot obtain post-conviction relief on the ground of the lack of *Boykin* advisements simply by proving that the guilty plea record is lost and cannot be reconstructed"); *Damron*, 915 N.E.2d at 192-93 (holding that the premature destruction of the tape of the petitioner's guilty plea hearing did not render the record silent for purposes of *Boykin* and that the petitioner had failed to meet his burden of proving that he was not informed of his *Boykin* rights); *Jackson v. State*, 826

7

N.E.2d 120, 129 (Ind. Ct. App. 2005) (holding that the validity of a post-conviction petitioner's guilty plea was presumed and that the loss of the record of the guilty plea hearing and the loss of memory regarding what was said at the guilty plea hearing was not sufficient to overcome this presumption), *trans. denied*.

Affirmed.

BAKER, J., and BAILEY, J., concur.